JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

Joseph Peter Schmitt
30 Administration Road
Bridgewater, Ma. 02324-3230

**DEFENDANTS**

Robert Murphy
30 Administration Road
Bridgewater, MA. 02324-3230

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Plymouth__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Plymouth__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro se

ATTORNEYS (IF KNOWN)

05-11348 NG

Philip W. Silva, Esq.
20 Administration Road
Bridgewater, Ma. 02324-3230

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C.A. § 220 and 42 U.S.C.A. 1983. Plaintiff is seeking relief against the defendants for violations of his DUE PROCESS RIGHTS and any other state/federal rights applicable in this case as describe in the complaint.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: June 9, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Joseph P. Schmitt, Pro se__ vs. __Robert Murphy__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   Schmitt vs Ma. Dept of Correction    05-10573-GAO

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES __   NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES __   NO X

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES __   NO __

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES __   NO X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES X   NO __

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION X    CENTRAL DIVISION __    WESTERN DIVISION __

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION __    CENTRAL DIVISION __    WESTERN DIVISION __

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Joseph Peter Schmitt__
ADDRESS __30 Administration Road, Bridgewater MA.__
TELEPHONE NO. __

(Cover sheet local.wpd - 11/27/00)

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO. _____

JOSEPH PETER SCHMITT, Pro se.
PLAINTIFF,    11348 NG

-vs-

ROBERT MURPHY,
ROBERT D. CLAUSS,
DUANE MACEACHERN,
KATHLEEN M. DENNEHY,
TIMOTHY HALL,
DEFENDANTS.

COMPLAINT

Introduction

   This is an action for Damages pursuant to 42 USCA 1983 and for Declaratory Judgment pursuant to 28 USCA 220. Plaintiff is seeking relief against the named defendants for the violations of his Due Process rights. This action revolves around the confiscation of personal funds mailed to the Plaintiff from an outside source. The amount of funds in this matter is $800.00 in the form of a US Postal Money Order. Plaintiff further challenges the constitutionality of the rules and regulations defendants use to support their actions of confiscating his funds from US Mail and refusing to place said funds onto his institutional personal account.

PARTIES

1.   Plaintiff, Joseph P. Schmitt is a temporary civil detainee at the Treatment Cenetr in Bridgewater. He is proceeding with this action as a pro se litigant.

2.   Defendant, Robert Murphy is the Superintendent of the Treatment Center and has full authority over all officials and patients at said facility. He is sued in both his official and individual capacities.

3.   Defendant, Robert D. Clauss is an IPS Officer at the Treatment

Center. This Defendant is conducting the alleged investigation resulting in the confiscation of Plaintiff's funds ($800.00 Postal Money Order). He is sued in both his official and individual capacities.

4.  Defendant, Duane MacEachern, at the origin of this complaint was the Deputy Superintendent of Operations at the Treatment Center and had full knowledge of the matter involving plaintiff's $800.00 US Postal Money Order received at this facity for him. He is sued in both his official and individual capacities.

5.  Defendant, Kathleen M. Dennehy is the Commissioner of Correction and is directly responsible for the actions of all Department of Correction officials and the well being of all prisoners and patients. She is sued in both her official and individual capacities.

6.  Defendant, Timothy Hall is the Assistant Deputy Commissioner for the Bridgewater Complex and is directly responsible for all officials of the Department of Correction at the Bridgewater Complex, including the Treatment Center. He is sued in both his official and individual capacities.

## FACTS OF COMPLAINT

7.  On April 7, 2005 Plaintiff received an institutional letter from defendant Duane MacEachern, informing him that a letter from Lillian Bates 20 East Street Attleboro Massachusetts 02703 was received at this facility, Treatment Center of Bridgewater, and inside this letter a suspicious money order in the amount of eight hundred dollars, and this letter and money order was being retained as evidence pending an investigation. (see exhibit "A" attached)

8.  On April 19, 2005 Plaintiff wrote/sent a letter to Duane MacEachern regarding his personal funds being retained as evidence as well as expressing his beliefs that the actions of the officials involved were illegal and a violation of plaintiff's rights. Plaintiff also gave notice of legal action to be filed if funds were not placed into his personal account within a fixed period of time. (see exhibit "B" attached)

9.  Plaintiff spoke directly to defendant MacEachern during "Happy

Hour" and was informed that the "investigation would not take long and at the conclussion of said investigation my funds would be placed into my account.

10. On April 29, 2005 I was informed by defendant MacEachern that Lieutenant Michael Kradolfer would be coming to interview me regarding the eight hundred dollars received from Lillian Bates. On this same day I wrote a letter to defendant MacEachern involving this pending interview. (see exhibit "C" attached)

11. On an unrecalled date I was interviewed by Michael Kradolfer for an unrelated matter and no mention of this eight hundred money order was mentioned by any Department of Correction officials. I was placed into segregation after this interview for matters related to the interview.

12. On June 3, 2005 I wrote a letter to defendant Robert Murphy regarding the release of my personal funds received via mail from Lillian Bates. This defendant has failed to respond and taking into consideration the history experienced with this defendant in matters involving personal funds plaintiff has decided not to waist time in resolving this matter through legal action as his rights are being violated and he has the right to protect said rights via legal action in this Court. (see exhibit "D" attached)

13. It must be noted that such matters are not grievable through the inmate grievance policy of the Department of Correction and therefore the only way Plaintiff can exhaust his administrative remedies are by writing to the Superintendent and/or Commissioner and complain about the issue. He did this and received no results

## LEGAL ARGUMENT

14. Plaintiff has a property interest in funds received from an outside source, thus he is entitled to DUE PROCESS before he is deprived of said funds. See MAHERS vs HALFORD, 76 F3d 951 (8th Cir. 1996). Defendants confiscated said funds, $800.00 Postal Money Order made payable to Plaintiff, prior to any DUE PROCESS. Therefore, defendants have violated his DUE PROCESS RIGHTS.

15. Defendants took the most intrusive meassures to conduct this alleged investigation. Defendants could have, should have placed the incoming funds into the plaintiff's personal or savings account and simply froze the account for the sum of $800.00 thus protecting plaintiff's DUE PROCESS and FIRST AMMENDMENT RIGHTS. Also plaintiff would have received interest on his funds which he is entitled to according to the CMR for INMATE ACCOUNTS.

16. Plaintiff has the right to expect prison officials to follow its own rules and regulations. See PAYNE vs BLOCK, 714 F2d 1510 (11th Cir. 1984.) CMR Policy for Inmate Mail clearly states the process that is to take place involving incoming funds. Defendants blatantly violated this CMR which is promulgated by MGL. It is not within the authority of any of the defendants to make or break MGL.

17. Timely notice of allegations and charges is an elemental aspect of DUE PROCESS. See, e.g., MULLANE vs CENTRAL HANOVER BANK, 339 U.S. 306, 94 L. Ed. 865 70 S.Ct. 652 (1950); IN Re GAULT 387, U.S. 1, 33, 18 L. Ed. 2d. 527, 87 S.CT 1428 (1967); IN Re RUFFALO, 390 U.S. 544, 20 L. Ed. 2d 117, 88 S.CT. 1222 (1968). Concealed proceedings in or out of court, cannot satisfy the requirements of DUE PROCESS. When a prisoner knows what is happening he can take

steps, even before the appointment of counsel becomes Constitutionally Mandated, to protest obvious errors and to secure the assistance of private counsel, family or friends.

18. Defendants have created numerous "Investigations" involing this Plaintiff and even when personal property is at issue defendants refuse to give plaintiff basic information such as itemized listings of the property confiscated, the estimated time the investigation will be completed or the reason for the investigation. This history with the defendants is clearly a continuing violation plaintiff's DUE PROCESS RIGHTS and other state and federal rights.

19. Plaintiff is not a PRISONER as defined in the PLRA and therefore he is not subject to PRISON rules and regulations. Furthermore, as a pretrial detainee plaintiff's rights are distinct from a prisoner's rights because the state cannot punish a pretrial detainee. See, ALVAREZ-MACHAIN vs U.S. 96 f3d 1246 (9th Cir. 1996).

20. Plaintiff has a recognized First Amendment interest in receiving mail. See, PHELPS vs FEDERAL GOVERNMENT, 15 F3d 735 (8th Cir. (1994). Also see, GRIFFIN vs LOMBARDI, 946 F2d 604 (8th Cir.(1991). Defendants have acknowledged that they have been in possession of a letter and $800.00 money order addressed to me since April 1,2005 and still they have not delivered said mail or posted said funds to my account.

## DISCUSSION

21. Defendants have confiscated personal property from plaintiff without justified cause or lawful authorization of law.

22. Defendants have violated MGL, Massachusetts Declaration of Rights, CMR Policy regarding Inmate Mail and Inmate Funds, and the

U.S. Constitution.

23. Defendants have violated plaintiff's First Amendment Rights and Due Process Rights by confiscating his incoming mail and funds.

24. Plaintiff is not a prisoner, yet he is forced to be governed by prison rules and regulations which are promulgated by MGL and because of this these rules and regulations carry the the force of law and the defendants by their actions have violated the laws of this Commonwealth and this Plaintiff Constitutional rights both State and Federal.

## CONCLUSION

25. Defendants, all part of the Corrections Field, clearly have a working knowledge of basic procedures of the law and civil rights. It would be illogical to assume that the defendants who routinely conduct investigations and have considerable contact with law enforcement agencies of the Commonwealth do not have knowledge of what is legal and what is not legal and what steps must be taken to protect this Plaintiff's rights. The actions of the defendants show a clear disregard for the Plaintiff's rights and the laws of the Commonwealth.

26. Defendants named in this action are involved in other issues not yet at the court level, but very much equal the claims of this action insofar as their disregard for the plaintiff's rights. It is commonplace for the officials of the Commonwealth's Department of Correction to violate inmate/patience rights under the guise of INVESTIGATIONS.

27. It is also commonplace for high placed Department of Correction

31. The actions of the defendants violated the plaintiff's Due Process Rights as guaranteed by the United States Constitution.

32. The actions of the defendants violated the plaintiff's Freedom of Speech Rights as guaranteed by the Massachusetts Declaration of Rights.

33. The actions of the defendants violated the the plaintiff's Freedom of Speech Rights as guaranteed by the United States Constitution First Amendment.

34. The actions of the defendants violated the plaintiff's Protection From Invasion Of Privacy as guaranteed by the Massachusetts Declaration of Rights.

35. The actions of the defendants violated the plaintiff's Protection From Invasion Of Privacy as guaranteed by the United States Constitution Fourth Amendment.

36. The actions of the defendants, who are state officials acting under color of law, violated 42 USCA §1983 and 18 USCA §242.

## PRAYERS FOR RELIEF

37. WHEREFORE, PLaintiff requests this Honorable Court:

38. Declare that the actions of the defendants violated the laws of the Commonwealth of Massachusetts; the Massachusetts Declaration of Rights; and, the United States of America Constitution.

39. Enjoin defendants to expunge the above related materials and all records created by said confiscated materials from plaintiff's official and unofficial records and return the confiscated materials to plaintiff.

40. Grant monetary damages to Plaintiff.

41. Grant punitive damages to Plaintiff.

42. Grant damages to the Plaintiff pursuant to 42 USCA §1983 and

the Massachusetts Declaration of Rights.

43.  Grant Plaintiff all cost of this action and reasonable attorney fees as a pro se litigant.

44.  Take action against defendants pursuant to 18 USCA §242.

45.  Grant such other and further relief as this Honorable Court deems just and proper.


Dated: June 9,2005

                                         Respectfully Submitted,

                                         Joseph Peter Schmitt, pro se
                                         Ma. Treatment Center
                                         30 Administration Road
                                         Bridgewater, Massachusetts
                                         02324-3230




## The Commonwealth of Massachusetts
### Executive Office of Public Safety
### Department of Correction
### Massachusetts Treatment Center
### 30 Administration Road
### Bridgewater, Massachusetts 02324-3230

Tel: (508) 279-8100   Fax: (508) 279-8105
www.mass.gov/doc

**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Commissioner*

**James Bender**
*Deputy Commissioner*

**Robert Murphy**
*Superintendent*

**To :**   Resident Joseph Schmitt M81137

**From :**   Duane MacEachern, Deputy Superintendent

**Date :**   April 6, 2005

**Re :**   Mail

On Friday, April 1, 2005, a letter intended for you was opened and inspected by IPS, as per Mail Policy 103 CMR 481. The letter intended for you listed the following return address:

> Lillian Bates
> 20 East st.
> Attleboro, Ma. 02703

It was discovered that inside this letter was a suspicious money order for the amount of eight hundred dollars ($800.00). The letter/money order will be retained as evidence pending an investigation.

The decision not to forward this correspondence may be appealed in writing to the Appellate authority (Superintendent).

**EXHIBIT "B"**

TO: Duane MacEachern, Deputy Superintendent

FROM: Joseph P. Schmitt, M-81137

Date: April 19, 2005

RE: Mail/Personal funds

On April 7, 2005 I received a notice addressed from you informing me that on April 1, 2005 a letter intended for me was opened and inspected by IPS, as per Mail Policy 103 CMR 481. The letter intended for me listed the following return address: Lillian Bates 20 East Street Attleboro, MA. 02703. This letter contained an money order for the amount of $800.00 which you indicated was a "suspicious money order". You further informed me that the letter and money order was being retained as evidence pending an investigation.

Mail and Inmate Account Policies clearly state that any and all funds received via mail/visit shall be credited to the inmates account without such a delay as has been happening with my $800.00 received from Ms Lillian Bates. This facility is in violation of it own policies.

Please review the following case law: **PAYNE** v BLOCK, 714 F2d 1510 (11th Cir. 1984). An inmate has the right to expect prison officials to follow its' own policies and regulations.

Furthermore, I am being deprived from collecting interest on this money, and any access to said money. This is a violation of my Rights. See the following case law:

MAHERS v HALFORD, 76 F3d 951 (8th Cir. 1996) Inmates have property interest in money received from the outside sources and thus, inmates are entitled to DUE PROCESS before they can be deprived of these monies.

Also by retaining this 800.00 money order for such an unlawful amount of time the money order can become useless as it is only good for a fixed period of days.

There is no policy that states who or how much money I can receive money from. This alleged investigation is purely based on assumptions gained from snitches and cowards who have a personal vandetta against me.

I demand that my account be credited with the $800.00 and it be credited interest from April 1, 2005 since this is the indicated date this facility obtained it. If there is an investigation then simply freeze my account for the $800.00 and this will protect my DUE PROCESS and other concerns noted above until such investigation is completed. If you fail to comply within 5 days I shall file legal action on this matter. This is not a threat just a fair warning of facts.

Sincerely,

CC: Attorney Christopher LoConto
    Kathleen M. Dennehy
    **JPS FILE**

Joseph P. Schmitt
30 Administration Road
Bridgewater, Massachusetts
02324-3230

**EXHIBIT "C"**

Duane MacEachern,
Deputy Superintendent
Mass. Treatment Center
30 Administration Road
Bridgewater, Massachusetts
02324-3230

April 29, 2005

Dear Mr Duane MacEachern:

    Today at approximately 8:30 A.M. while I was handling issues at the property room doorway you informed me that the investigator (Lieutenant Michael Kradolfer) would be coming to the treatment center some time next week to interview me.
    Due to the fact that this investigation is a quasi judicial matter and may lead to civil and/or criminal actions I must request that this meeting be tape recorded and I am given a copy of the recording immediately upon completion of said interview.
    Upon direct advice from legal counsel I will not take part of any discussions, interviews, etc unless it is tape recorded as I have requested above. I am willing and able to pay the routine fee to tape record this interview.
    I request a written reply to this letter prior to the actual interview with Lieutenant Michael Kradolfer.

Respectfully,

Cc: Attorney Christopher P. LoConto,
    A.C.L.U. of Boston,
    M.C.L.S.,
    Lieutenant Michael Kradolfer,
    JPS FILE.

**EXHIBIT "D"**

TO: Robert Murphy, Superintendent

FR: Joseph P. Schmitt, M-81137

DA: June 3, 2005

RE: Incoming Personal Funds

Dear Robert Murphy:

On April 1, 2005 this facility received a letter and $800.00 money order for me from Lillian Bates 20 East Street Attleboro, MA. 02703.

This money order is being held pending an investigation, according to Former Deputy Superintendent Duane MacEachern's April 6, 2005 letter to me.

I am requesting that my money be released and credited to my inmate account.

If you deny my request then I request that you inform me when the alleged investigation is due to be finished and my funds released to me.

Thank you for you prompt response.

Sincerely,

Cc: Attorney Christopher P. LoConto,
    JPS