```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JOSEPH P. SCHMITT, pro se,      )
                                )
        Plaintiff,              )
                                )
        v.                      )      C.A. No. 05-11348-NG
                                )
ROBERT MURPHY, et al.,          )
                                )
        Defendants.             )
_____

JOSEPH P. SCHMITT, pro se,      )
                                )
        Plaintiff,              )
                                )      C.A. No. 05-11603-NG
        v.                      )
                                )
ROBERT D. CLAUSS, et al.,       )
                                )
        Defendants.             )
```

ORDER ON PLAINTIFF'S MOTIONS
TO PROCEED IN FORMA PAUPERIS

For the reasons set forth below, the Court denies the plaintiff's motions to proceed in forma pauperis.

BACKGROUND

I.  The Present Actions

On June 22, 2005, plaintiff Joseph Schmitt, currently in custody at the Massachusetts Treatment Center in Bridgewater, Massachusetts, filed two complaints in which he alleges that various officials at the treatment center violated Schmitt's rights under the United States and Massachusetts constitutions by (1) confiscating a money order for $800.00 made payable to Schmitt, see Schmitt v. Murphy; and (2) seizing Schmitt's personal property and failing to provide Schmitt with a list of

the seized items, see Schmitt v. Clauss.  Schmitt also filed applications to proceed without prepayment of the $250.00 assessed for commencing each civil action.  In both applications, Schmitt represents that his assets are limited to the $991.86 in his account at the treatment center.  In the application filed in Schmitt v. Murphy, Schmitt states that the only income he received in the preceding twelve months is the $800.00 the defendants allegedly confiscated.  In Schmitt v. Claus, Schmitt represents that he has not received any money in the preceding twelve months.

II.  Previous Actions

This is not the first time that Schmitt has sought to proceed in forma pauperis in this Court.  In 2004, Schmitt was allowed to proceed in forma pauperis in Schmitt v. Maloney, C.A. No. 03-11242-RCL, Schmitt v. Smith, C.A. No. 04-10451-RWZ, and Schmitt v. Mulvey, C.A. No. 04-10717-RWZ.  This year, Schmitt has filed applications to proceed in forma pauperis in Schmitt v. LoConto, C.A. No. 05-10572-PBS, Schmitt v. Thomas, C.A. No. 05-10571-RWZ, and Schmitt v. Massachusetts Department of Correction, C.A. No. 05-10573-RWZ.  In the application filed in Schmitt v. LoConto, Schmitt represented that, on February 8, 2005, he had $550.00 in his canteen account and $1.12 in his savings account.  In contrast, in the application Schmitt filed in Schmitt v. Thomas, Schmitt indicated that, on February 16, 2005, the

combined balance of his institutional accounts was $2,451.12.  In the same application, he represented that he had not received any income in the preceding six months.

## DISCUSSION

A litigant filing a complaint in this Court must either (1) pay the $250.00 filing fee for such actions or (2) file an application to proceed in forma pauperis.  See 28 U.S.C. § 1914 ($250.00 filing fee); § 1915 (proceedings in forma pauperis). The federal in forma pauperis statute, 28 U.S.C. § 1915, permits federal courts to authorize the commencement of a lawsuit without prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all assets [he] possesses that the person is unable to pay such fees or give security."  28 U.S.C. § 1915(a)(1).[1]  In enacting the federal in forma pauperis statute, "Congress 'intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States,

---

[1] The text of § 1915(a)(1) states that the affidavit must include "a statement of all assets such prisoner possesses."  28 U.S.C. § 1915(a)(1) (emphasis added).  Despite the statute's use of the phrase "such prisoner" the affidavit requirement applies to all persons requesting leave to proceed in forma pauperis. See Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); Haynes v. Scott, 116 F.3d 137, 139-40 (5th Cir. 1997).  The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error .  See In re Perry v. Secretary of Hous. & Urban Dev., 223 B.R. 167, 169 n.2 (8th Cir. 1998); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed. 2000).

solely because . . . poverty makes it impossible . . . to pay or secure the costs' of litigation." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)) (alteration in original).  While a litigant does not have to be "absolutely destitute to enjoy the benefit of the statute," in forma pauperis status is nonetheless reserved only for those who cannot pay the filing fee "and still be able to provide [themselves] and dependents with the necessities of life."  Adkins, 335 U.S. at 339 (internal quotation marks omitted).  Further, "[l]eave to file a claim in forma pauperis has always been a matter of grace, a privilege granted in the court's discretion . . . ."  Ibrahim v. District of Columbia, 208 F.3d 1032, 1036 (D.C. Cir. 2000).

Here, Schmitt has not shown that he does not have an opportunity to prosecute a claim "solely because . . . poverty makes it impossible . . . to pay or secure the costs of litigation."  Denton, 504 U.S. at 31 (internal quotation mark omitted).  In other words, Schmitt does not have to deprive himself of the necessities of life in order to pay the filing fees.  It is true that, for the general population, expenses for utilities, transportation, food, housing, health care, and other necessities would surpass $991.86 within a month.  In Schmitt's case, however, the Commonwealth of Massachusetts pays for the necessities of Schmitt's life.  To be sure, the Court does not

take the position that a civil detainee cannot proceed <u>in forma pauperis</u> unless he first depletes all of his liquid assets. Nonetheless, where a litigant in state custody has $991.86 in his institutional accounts when he filed two lawsuits, and where he had $2451.12 in those accounts just four months earlier, his access to the courts is not "blocked by his financial condition; rather, he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case." <u>Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.</u>, 686 F. Supp. 385, 388 (N.D.N.Y.), <u>aff'd</u>, 865 F.2d 22 (1988) (internal quotation marks omitted) (alteration in original). Further, although Schmitt states that he did not receive any income over the six months preceding his 2005 actions, the combined balance of his institutional accounts jumped from $551.12 on February 8, 2005 to $2,451.12 on February 16, 2005. This significant increase of funds in Schmitt's institutional accounts suggests that Schmitt has the funds to prosecute his claims and afford small amenities.

CONCLUSION

ACCORDINGLY, the plaintiff's applications to proceed without prepayment of fees are therefore DENIED. If the plaintiff does not pay the $250.00 filing fee for each case within thirty-five (35) days of the date of this order, the case or cases will be

dismissed without prejudice for failure to pay the filing fee.

| | |
|---|---|
| August 26, 2005 | /s/ Nancy Gertner |
| DATE | UNITED STATES DISTRICT JUDGE |