# United States District Court

Joseph P. Schmitt, pro se
  Plaintiff

v.

Robert Murphy, et al,
  Defendants

CA# USDC 05-11348-NG

## Affidavit in Support of Motion to Compel Discovery

Joseph P. Schmitt, being duly sworn, deposes and says:

1. I am the pro se plaintiff in this case. I make this affidavit in support of my motion to compel discovery

2. On February 22, 2007, I served on the defendants' counsel a request for Admissions, which is attached to this affidavit as Exhibit 1.

3. Defendant Murphy did not answer this request after 30 days, nor did he request an adjournment from the Court or seek my agreement to an adjournment.

4. On March 26, 2007, I wrote to the defendants' counsel pointing out that answers to my request for Admissions have not been received and requesting a response immediately. A copy of my letter is attached as Exhibit 2

WHEREFORE, the pro se plaintiff requests that the Court grant this motion in all aspects.

1 of 2

Dated: April 6, 2007

Signed under the pains and penalties of perjury

*[signature]*

Joseph R. Schmitt, pro se
Nemansket Correction Facility
30 Administration Road
Bridgewater, MA. 02324

Exhibit #1

UNITED STATES DISTRICT COURT

JOSEPH P. SCHMITT, pro se.,
   Plaintiff,

v.          Civil Action No.:USDC-05-11348-NG

ROBERT MURPHY, et al.,
   Defendants.

### REQUEST FOR ADMISSIONS

   Pursuant ro Rule 36, Fed.R.Civ.Proc., Plaintiff requests that defendant Robert Murphy make the following admissions within 30 days of service of this request.

1. As superintendent of the Nemansket Correctional Facility you, Robert Murphy, have responsibilty over all deputy superintendents at said facility.

2. As superintendent of the Nemansket Correctional Facility you have the authority over all Inner Paremeter Security officials at said facility.

3. Plaintiff caused you to receive a letter dated June 3,2005 which regarded a financial gift received by this facility from Lillian Bates. See complaint Exhibit "D".

4. With regards to the above noted letter dated June 3,2005 you, Robert Murphy, did not make any written response to it directed to the Plaintiff.

5. As the superintendent of the Nemansket Correctional Facility you have authority over all matters that occure within said facility with specific regards to any inmate/patient.

6. Deputy superintendent Duane MacEachern did author and serve upon Plaintiff a letter dated April 6,2005 regarding. See complaint Exhibit "A".

7.     Plaintiff authored and served upon Duane MacEachern a letter dated April 19,2005 regarding a financial gift of $800.00 received from Lillian Bates. See compalint Exhibit "B".

8.     Plaintiff authored and served a letter dated April 29,2005 to Duane MacEachern regarding a pending interview with Lieutenant Michael Kradolfer. See complaint Exhibit "C".

9.     As superintendent of the Nemansket Correctional Facility you were aware of the fact that Plaintiff received a finacial gift in the amount of $800.00 from Lillian Bates on or about April 1,2005.

10.    As superintendent of the Nemansket Correctional Facility you are aware of the specific CMR policys 103-CMR-481 and 103-CMR-405.

11.    As superintendent of the Nemansket Correctional Facility you, Robert Murphy, are aware of the procedures set out in 103-CMR-405.12 (1) - (13).

12.    As superintendent of the Nemansket Correctional Faciliy you are aware that 103-CMR-405 and/or 103-CMR-481 does not give give any Department of Correction public employee the legal authority to distribute any inmate or civil detainee personal funds without their express written authorization.

13.    With regards to complaint Exbibit "A" state the specific alleged facts that designated the $800.00 money order from Lillian Bates as "Suspicious."

14.    Since Plaintiff's initial incarceration in the Massachusetts Department of Correction, approximately September 13,1994, Plaintiff has received hundreds and thousands of dollars from many differnent donors.

15. Plaintiff has not been charged with any crime by any law enforcement agency regarding the $800.00 financial gift he was to receive from Lillian Bates.

16. There is no specific rule, regulation or policy that states finacial gifts may be refused and returned to donors with out the knowlege and/or consent of the intended recipient.

17. As the superintendent of the Nemansket Correctional Facility you had knowlege of the fact that officials beneath you authority intended to and or did in fact reject the $800.00 financial gift meant for the Plaintiff from Donor Lillian Bates and/or return said finacial gift to said donor.

18. There was an investigation into the matter of Plaintiff receiving an $800.00 financial gift from Lillian Bates.

19. Please state the name and rank of the official(s) whom conducted the investigation indicated above in admission 18.

20. Plaintiff received no disciplinary report or Observation of Behavior Report for the alleged suspicious $800.00 money order he was to receive from donor Lillian Bates on April 1,2005.

21. Plaintiff has named this defendant, Robert Murphy, in numerous legal actions filed within the State and Federal Courts of this Commonwealth.

22. Plaintiff has been subjected to Observation of Behavior Reports and severe sanctions for making agressive written comments to his attorney Christopher P. LoConto regarding the actions of Robert Murphy involving Plaintiff's personal funds.

Dated: February 21, 2007

Respectfully submitted,

[signature]

Joseph P. Schmitt, Pro se
Plaintiff
Nemansket Corr. Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

### CERTIFICATE OF SERVICE

I, Joseph P. Schmitt, hereby certify that a true copy of the above admissions were served upon Robert Murphy's counsel, Brendan J. Frigault, at Nemansket Correctional Facility 30 Administration Road Bridgewater Massachusetts 02324-3230 via pre paid first class U.S. Mail on or about February 22, 2007

Joseph P. Schmitt, pro se

Exhibit #2

Mr. J. P. Schmitt
Nemansket Corr. Facility
30 Administration Road
Bridgewater, Ma. 02324

Brendan J. Frigault, Esq.
Legal Division
Nemansket Corr. Facility
30 Administration Road
Bridgewater, Ma. 02324

March 26, 2007

RE: Schmitt v. Murphy   USDC-2005-11348-NG

Dear Mr. Frigault,
    On February 22, 2007 I served you with "Request for Admissions", pursuant to Rule 36., Fed.R.Civ.P.
    It is now past the 30 day response time allowed and I have not received any objections or response of any sort from the defendants.
    I respectfully request that you remedy this error before April 6, 2007. If you fail to do so I shall seek an order to compel defendants response that same date.

Respectfully Yours
[signature]

cc: JPS

## Certificate of Service

A true copy of the above documents were served upon defendants counsel Brendan J. Frigault via 1st Class mail or Intra-facility mail on April 7, 2007

*[signature]*

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater MA. 02324