UNITED STATES DISTRICT COURT

FILED
IN CLERKS OFFICE

C.A. DOCKET NO.:
2005-11348-NG

JOSEPH P. SCHMITT, pro se.,

  Plaintiff,

v.

ROBERT MURPHY, et al.,

  Defendants.

2007 APR 23 P 1:29

U.S. DISTRICT COURT
DISTRICT OF MASS.

## MOTION FOR CONTEMPT OF COURT
## AGAINST DEFENDANTS AND/OR DEFENDANTS COUNSEL

  Now comes the pro se plaintiff and moves this Honorable Court for a Contempt of Court charge against the defendants and/or counsel of defendants for defying the Court's order filed on 2/14/07 regarding "Plaintiff's Motion For Court Order" (#22).

  As grounds plaintiff states the following under pains and penalties of perjury.

  1. On 3/28/07 plaintiff duly submitted legal material to the law library to be photocopied, utilizing a "Department of Correction Legal Photocopying Request Form." See attached Exhibit 1.

  2. Defendants and/or defendants legal counsel withheld plaintiff's legal documents for the alleged purpose of verifying a court order allowing plaintiff to serve the complaint upon all defendants via 1st class U.S. Mail. See attached Exhibit 2.

  3. The thirty-three pages of legal documents plaintiff submitted to the library for photocopying on 3/28/07 did in fact contain a "NOTICE OF DOCKET ENTRY" regarding the court's order for service via 1st class U.S. Mail. However, this specific document was placed as the eighth page of the documents submitted. In order to absorb the full meaning and context of this specific page, the

defendants would have to violate thier own policy MTC Attachment 103-CMR-478 Library Services VII c. by actually reading the legal material submitted to said library. See attached Exhibit 3. MTC Attachment 103-CMR-478 in no way authorizes the defendants to read the legal documents submitted for photocopying.

    4.    The defendants and/or counsel for the defendants actions clearly violate **work product privilege.**

    5.    In arguendo plaintiff states that even if the legal documents (see attached Exhibit 4) contained the "NOTICE OF DOCKET ENTRY" allowing plaintiff to serve all defendants via 1st class U.S. Mail, this is not legitimate reasons for the defendants to delay the plaintiff's lawful request for legal photocopies as he clearly requested utilizing the proper Department of Correction Legal Photocopying Request Form. Furthermore, the defendants and/or their legal counsel at the Nemansket Correctional Facility do not have any lawful right to allegedly verify any order the court gives to the pro se plaintiff prior to the actual service upon said defendants.

    6.    This Honorable Court issued an order to the defendants on 2/14/2007 which reads in pertenant part,"Any document given by plaintiff to staff for photocopying will not be disclosed to any other staff except as required by other statutes or regulations; documents given by plaintiff to staff for photocopying are not to be shared with defendants for the purpose of furthering defendant's litigation of this action or any other." See attached exhibit 5.

    7.    Defendants have routinely read and denied or delayed plaintiff photocopy requests in whole or in part since the issuance of this Honorable Courts order to cease such actions. Exhibit 6 is

just one of many examples of the fact that defendants read the legal submissions of plaintiff and further exert thier opinions of what is and what is not necessary for plaintiff motions to this or any other court.

## CONCLUSION

For the reasons stated above, this court should grant plaintiff's motion for Contempt of Court Charges against the defendants and their legal counsel, and impose apropriate sanctions.

Furthermore, plaintiff request that this Honorable Court issue an **ORDER** for the defendants to forego thier clearly abusive legal photocopying policy involving the plaintiff and process the plaintiff's photocopying requests as detailed hereafter.

1. Plaintiff shall turn over his legal materials for photocopying to either Librarian Natalya Pushkina, or Library Aid Manuel Botelho, or any other person in this position.

2. Said Librarian and/or Library Aid shall review the material for the specific purpose of verifying that the material is a legal document only.

3. Upon the completion of the review of said documents the Librarian and/or Library clerk shall personally make the requested number of photcopies or designate the inmate library clerk to do so. In either case the material SHALL NOT be removed from the plaintiff immediate sight for any reason, and SHALL be returned to plaintiff without delay.

4. Plaintiff fully realizes that the library has other obligations to other inmates and/or civil residents and as such he SHALL take steps to ensure that any requested photocopy materials SHALL be presented for photocopying during the first

movement period, when possible. In the event that the librarian and Library Aid are legitimately too busy to handle plaintiff's photocopy request plaintiff will be considerate and wait, when possible, for an available time to submit his materials.

Dated: April 10, 2007

Respectfully filed,

Joseph P. Schmitt, pro se
Nemansket Corr. Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

**CERTIFICATE OF SERVICE**
On April 11, 2007 a true copy of the above motion was served upon defendants counsel of record via pre paid 1st class U.S. Mail/Institutional Mail

Joseph P. Schmitt, pro se