UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2005-11348 and
NO. 2005-11603 (Consolidated)

JOSEPH SCHMITT,
        **Plaintiff,**

v.

ROBERT MURPHY, <u>ET</u> <u>AL</u>.,
        **Defendants.**

---

### ANSWER OF DEFENDANTS ROBERT D. CLAUSS, DAVID LEONARD, STEVEN FAIRLY, ROBERT J. WAITKEVICH, KATHLEEN DENNEHY, ROBERT MURPHY, TIMOTHY HALL, AND MARK DARE

---

      Defendants Robert D. Clauss, Correction Officer – M.C.I. – Framingham, David Leonard, Correction Officer – Massachusetts Treatment Center, Steven Fairly, Director of Security – Massachusetts Treatment Center, Robert J. Waitkevich, former Deputy Superintendent – Massachusetts Treatment Center, Kathleen Dennehy, Commissioner of Correction, Robert Murphy, Superintendent – Massachusetts Treatment Center, Timothy Hall, Assistant Deputy Commissioner Southern Sector, and Mark Dare, Correction Officer – Massachusetts Treatment Center (collectively "Defendants"), file the following as their Answer to the Plaintiff's Complaint (originally filed in 2005-11603):

### INTRODUCTION

      This unnumbered paragraph contains statements and/or conclusions of law requiring no response at this time.

### LITIGANTS

1. Defendants ADMIT that at the time of the filing of his Complaint (05-11603), the Plaintiff was a temporary civil detainee at the Massachusetts Treatment Center. He

has since been found to be a Sexually Dangerous Person and is serving an indefinite civil commitment pursuant to G.L. c. 123A.

2. Defendants ADMIT that at the time the Complaint was filed, Robert Clauss was an Inner Perimeter Security Officer at the Massachusetts Treatment Center.

3. Defendants ADMIT the allegations contained in this paragraph.

4. Defendants ADMIT the allegations contained in this paragraph.

5. Defendants ADMIT the allegations contained in this paragraph.

6. Defendants ADMIT the allegations contained in this paragraph.

7. Defendants ADMIT that at the time the Complaint was filed, Robert J. Waitkevich was the Deputy Superintendent of Operations at the Massachusetts Treatment Center.

8. Defendants ADMIT that at the time the Complaint was filed, Kathleen M. Dennehy was the Commissioner of the Massachusetts Department of Correction.

9. Defendants ADMIT that at the time the Complaint was filed, Timothy Hall was the Assistant Deputy Commissioner for the Southern Sector, which includes the Bridgewater Correctional Complex.

## FACTS

10. Defendants ADMIT that on May 17, 2005, the Plaintiff was transferred to the Minimum Privilege Unit at the Massachusetts Treatment Center. Defendants NEITHER ADMIT NOR DENY the remaining allegations contained in this paragraph, as they are too vague to allow the Defendants to reach a reasonable belief.

11. Defendants ADMIT that Defendant Clauss authored a letter on or about May 20, 2005. The remaining allegations contained in this paragraph amount to interpretations of said letter, which the Defendants contend speaks for itself.

12. Defendants ADMIT that on May 25, 2005, the Plaintiff was returned to his housing unit.  Defendants NEITHER ADMIT NOR DENY the remaining allegations contained in this paragraph.

13. Defendants NEITHER ADMIT NOR DENY the allegations contained in this paragraph, as they relate to the Plaintiff's beliefs.

14. Defendants DENY the allegations contained in this paragraph.

15. Defendants ADMIT that the Plaintiff authored a letter to Steven Fairly dated May 27, 2005.  Defendants DENY the remaining allegations contained in this paragraph.

16. Defendants ADMIT that the Plaintiff authored a letter to Steven Fairly dated May 30, 2005.  Defendants DENY the remaining allegations contained in this paragraph.

17. Defendants ADMIT the allegations contained in this paragraph.

18. Defendants ADMIT the allegations contained in this paragraph.

19. Defendants ADMIT the allegations contained in this paragraph.

20. Defendants NEITHER ADMIT NOR DENY the allegations contained in this paragraph.

## LEGAL ARGUMENT

21. This paragraph contains statements and/or conclusions of law that require no response at this time.  To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

22. This paragraph contains statements and/or conclusions of law that require no response at this time.  To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

## **DISCUSSION**

23. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

24. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

25. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

26. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

27. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

28. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

## **CONCLUSION**

29. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

30. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

31. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

32. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

33. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

## **JURISDICTION**

34. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

## **CLAIMS FOR RELIEF**

35. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

36. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

37. This paragraph contains statements and/or conclusions of law that require no response at this time.  To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

38. This paragraph contains statements and/or conclusions of law that require no response at this time.  To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

39. This paragraph contains statements and/or conclusions of law that require no response at this time.  To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

40. This paragraph contains statements and/or conclusions of law that require no response at this time.  To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

41. This paragraph contains statements and/or conclusions of law that require no response at this time.  To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

42. This paragraph contains statements and/or conclusions of law that require no response at this time.  To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

## **PRAYERS FOR RELIEF**

43. This paragraph contains no allegations and requires no response.
44. The Defendants DENY that the Plaintiff is entitled to any Declaratory Relief, whether requested or not.

45. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

46. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

47. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

48. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

49. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

50. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

## JURY CLAIM

The Defendants claim trial by jury on all triable issues contained herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and therefore must be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

The Defendants are absolutely and qualifiedly immune from liability for damages for any alleged violation of Plaintiff's civil rights under federal or state law because the conduct of the Defendants at all times was in good faith, without malice and not in disregard of settled principles of law.

### THIRD DEFENSE

By his acts and omissions, Plaintiff has waived any claims that he may have had against the Defendants for any of the matters asserted in the Complaint.

### FOURTH DEFENSE

By his own acts and omissions, Plaintiff is estopped from raising any of the claims he might have had against Defendants for any of the matters asserted in the Complaint.

### FIFTH DEFENSE

Defendants are not responsible for any injury suffered by Plaintiff if in fact any injury has occurred.

### SIXTH DEFENSE

Plaintiff, through his own acts or omissions, is responsible for any injury suffered by him if any injury has actually occurred.

### SEVENTH DEFENSE

Insofar as the Defendants are named in their official capacities, the suit is barred by sovereign immunity.

### EIGHTH DEFENSE

The Complaint fails to state a cause of action against the Defendants because Defendants acted reasonably and within their official discretion and with the good faith belief that his actions were proper and lawful.

### NINTH DEFENSE

The Plaintiff failed to state a prima facie case any claim.

9

## TENTH DEFENSE

The activities complained by Plaintiff do not rise to the level of a constitutional deprivation under 42 U.S.C. §1983 and, therefore, this court lacks jurisdiction as to all civil rights counts asserted against the Defendants.

## ELEVENTH DEFENSE

The Defendants is not liable for damages because any conduct by him in connection with the matters alleged in the complaint were discretionary, within the scope of his official authority, and performed in good faith.

## TWELVETH DEFENSE

The Defendants followed all applicable law, regulations and policies.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997e.

## FOURTEENTH DEFENSE

Defendants reserve the right to add additional defenses.

        Respectfully Submitted
        by Defendants Murray, Brady and Henry,

        NANCY ANKERS WHITE
        Special Assistant Attorney General

        by:    s/ BRENDAN J. FRIGAULT
                Brendan J. Frigault, Counsel
                BBO No. 647669
                Department of Correction
                Massachusetts Treatment Center
                30 Administration Road
                Bridgewater, Massachusetts 02324
                (508) 279-8185
Dated: May 31, 2007    FAX: (508) 279-8181


### CERTIFICATE OF SERVICE

    I hereby certify that I caused a true copy of the attached document to be served upon the Petitioner through intra-facility mail.

    Joseph Schmitt, M81137
    Massachusetts Treatment Center
    30 Administration Rd.
    Bridgewater, MA 02324

                s/ BRENDAN J. FRIGAULT
                Brendan J. Frigault

Dated: May 31, 2007