UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2005-11348 and
NO. 2005-11603 (Consolidated)

JOSEPH SCHMITT,
    Plaintiff,

v.

ROBERT MURPHY, ET AL.,
    Defendants.

## ANSWER OF DEFENDANTS ROBERT MURPHY, ROBERT D. CLAUSS, DUANE MACEACHERN, KATHLEEN DENNEHY, AND TIMOTHY HALL

Defendants Robert Murphy, Superintendent – Massachusetts Treatment Center, Robert D. Clauss, Correction Officer – M.C.I. - Framingham, Duane MacEachern, Deputy Superintendent of Operations – Souza Baranowski Correctional Center, Kathleen Dennehy, Commissioner of the Department of Correction, and Timothy Hall, Assistant Deputy Commissioner Southern Sector (collectively "Defendants"), file the following as their Answer to the Plaintiff's Complaint:

### INTRODUCTION

This unnumbered paragraph contains statements and/or conclusions of law requiring no response at this time.

### PARTIES

1. Defendants ADMIT that at the time of the filing of his Complaint (05-11348), the Plaintiff was a temporary civil detainee at the Massachusetts Treatment Center. He has since been found to be a Sexually Dangerous Person and is serving an indefinite civil commitment pursuant to G.L. c. 123A.

2. Defendants ADMIT that Robert Murphy is the Superintendent of the Massachusetts Treatment Center. The Defendants NEITHER ADMIT NOR DENY the remaining allegations contained in this paragraph.

3. Defendants ADMIT that at the time the Complaint was filed, Robert Clauss was an Inner Perimeter Security Officer at the Massachusetts Treatment Center. The Defendants NEITHER ADMIT NOR DENY the remaining allegations contained in this paragraph.

4. Defendants ADMIT that at the time the Complaint was filed, Duane MacEachern was Deputy Superintendent of Operations at the Massachusetts Treatment Center. The Defendants NEITHER ADMIT NOR DENY the remaining allegations contained in this paragraph.

5. Defendants ADMIT that at the time the Complaint was filed, Kathleen M. Dennehy was the Commissioner of Correction. The Defendants NEITHER ADMIT NOR DENY the remaining allegations contained in this paragraph.

6. Defendants ADMIT that at the time the Complaint was filed, Timothy Hall was the Assistant Deputy Commissioner for the Southern Sector, which includes the Bridgewater Correctional Complex. The Defendants NEITHER ADMIT NOR DENY the remaining allegations contained in this paragraph.

**FACTS**

7. Defendants ADMIT the allegations contained in this paragraph.

8. Defendants ADMIT that the Plaintiff "wrote/sent" a letter on or about April 19, 2005. The remaining allegations contained in this paragraph amount to interpretations of said letter, which the Defendants contend speaks for itself.

9. Defendants DENY the allegations contained in this paragraph.

10. Defendants DENY the allegations contained in this paragraph.

11. Defendants NEITHER ADMIT NOR DENY remaining allegations contained in this paragraph, as they are too vague to allow the Defendants to reach a reasonable belief.

12. Defendants ADMIT that the Plaintiff wrote a letter on or about June 3, 2005. The Defendants DENY the remaining allegations contained in this paragraph.

13. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

## **LEGAL ARGUMENT**

14. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

15. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

16. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

17. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

18. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

19. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

20. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

## **DISCUSSION**

21. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

22. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

23. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

24. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

## **CONCLUSION**

25. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

26. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

27-30. The Defendants can neither ADMIT NOR DENY any allegations contained in these paragraph because they are either incomplete or missing. Note that paragraph 27 begins on the bottom of page 6 of the Complaint, but the top of page 7 of the Complaint begins with paragraph 31. Therefore, the Defendants can not provide an answer to these paragraphs.

31. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

32. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

33. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

34. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

35. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

36. This paragraph contains statements and/or conclusions of law that require no response at this time. To the extent that this paragraph contains factual allegations, the Defendants DENY such allegations.

## PRAYERS FOR RELIEF

37. This paragraph contains no allegations and requires no response.

38. The Defendants DENY that the Plaintiff is entitled to any declaratory relief, whether requested or not.

39. The Defendants DENY that the Plaintiff is entitled to any relief (including having this incident expunged from his record), whether requested or not.

40. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

41. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

42. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

43. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

44. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

45. The Defendants DENY that the Plaintiff is entitled to any relief, whether requested or not.

## JURY CLAIM

The Defendants claim trial by jury on all triable issues contained herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and therefore must be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

The Defendants are absolutely and qualifiedly immune from liability for damages for any alleged violation of Plaintiff's civil rights under federal or state law because the conduct of the Defendants at all times was in good faith, without malice and not in disregard of settled principles of law.

### THIRD DEFENSE

By his acts and omissions, Plaintiff has waived any claims that he may have had against the Defendants for any of the matters asserted in the Complaint.

### FOURTH DEFENSE

By his own acts and omissions, Plaintiff is estopped from raising any of the claims he might have had against Defendants for any of the matters asserted in the Complaint.

## FIFTH DEFENSE

Defendants are not responsible for any injury suffered by Plaintiff if in fact any injury has occurred.

## SIXTH DEFENSE

Plaintiff, through his own acts or omissions, is responsible for any injury suffered by him if any injury has actually occurred.

## SEVENTH DEFENSE

Insofar as the Defendants are named in their official capacities, the suit is barred by sovereign immunity.

## EIGHTH DEFENSE

The Complaint fails to state a cause of action against the Defendants because Defendants acted reasonably and within their official discretion and with the good faith belief that his actions were proper and lawful.

## NINTH DEFENSE

The Plaintiff failed to state a prima facie case any claim.

## TENTH DEFENSE

The activities complained by Plaintiff do not rise to the level of a constitutional deprivation under 42 U.S.C. §1983 and, therefore, this court lacks jurisdiction as to all civil rights counts asserted against the Defendants.

## ELEVENTH DEFENSE

The Defendants is not liable for damages because any conduct by him in connection with the matters alleged in the complaint were discretionary, within the scope of his official authority, and performed in good faith.

### TWELVETH DEFENSE

The Defendants followed all applicable law, regulations, and policies.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997e.

### FOURTEENTH DEFENSE

Defendants reserve the right to add additional defenses.

                Respectfully Submitted
                by Defendants Murray, Brady and Henry,

                NANCY ANKERS WHITE
                Special Assistant Attorney General

      by:    s/ BRENDAN J. FRIGAULT
                Brendan J. Frigault, Counsel
                BBO No. 647669
                Department of Correction
                Massachusetts Treatment Center
                30 Administration Road
                Bridgewater, Massachusetts 02324
                (508) 279-8185
Dated: May 31, 2007    FAX: (508) 279-8181

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the attached document to be served upon the Petitioner through intra-facility mail.

Joseph Schmitt, M81137
Massachusetts Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

                s/ BRENDAN J. FRIGAULT
                Brendan J. Frigault

Dated: May 31, 2007