UNITED STATES DISTRICT COURT

JOSEPH P. SCHMITT, pro se
    Plaintiff,

v.

ROBERT MURPHY, et al
    Defendants

C.A. No. 2005-11348-NG

FILED
IN CLERKS OFFICE

2007 OCT 15 P 2:02

U.S. DISTRICT COURT
DISTRICT OF MASS.

### EMERGENCY MOTION FOR COURT TO COMPEL DEFENDANTS

Now comes the pro se plaintiff and moves the court to compel the defendants to answer the attached REQUEST FOR ADMISSIONS, and REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS.

Plaintiff further states that on or about April 6, 2007 he submitted Motions to Compel Discovery for each of the attached motions and has not received any action from the court that he is aware of as of this date.

WHEREFORE, plaintiff prays the court review the attached motions and issue an order to defendants to respond to said motions for discovery.

Dated: October 11, 2007

Respectfully filed,

Joseph P. Schmitt, pro se
30 Administration Road
Bridgewater, MA. 02324-3230

### CERTIFICATE OF SERVICE

The undersigned pro se plaintiff certifies that a true copy of the above motion and noted motions for discovery and motions to compel were served upon defendants counsel of record on or about October 12, 2007 via intra facility mail.

Joseph P. Schmitt, pro se
Plaintiff

United States District Court

Joseph P. Schmitt, pro se
Plaintiff,

v.

Robert Murphy, et al
Defendants

CA # 2005-11348-NG

FILED
IN CLERKS OFFICE
2007 OCT 15 P 2: 02
U.S. DISTRICT COURT
DISTRICT OF MASS.

## MOTION TO COMPEL DISCOVERY

Now comes the pro se plaintiff and moves pursuant to Rules 36 and 37(a), Fed. R. Civ. P., for an order compelling the defendant Robert Murphy to Answer Request for Admissions dated and or served February 21, 2007

Dated: April 6, 2007

Respectfully filed,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Ma. 02324

# United States District Court

Joseph P. Schmitt, pro se
  Plaintiff

v.

Robert Murphy, et al,
  Defendants

CA# USDC 05-11348-NG

## Affidavit in Support of Motion to Compel Discovery

Joseph P. Schmitt, being duly sworn, deposes and says:

1. I am the pro se plaintiff in this case. I make this affidavit in support of my motion to compel discovery

2. On February 22, 2007, I served on the defendants' counsel a request for admissions, which is attached to this affidavit as Exhibit 1.

3. Defendant Murphy did not answer this request after 30 days, nor did he request an adjournment from the Court or seek my agreement to an adjournment.

4. On March 26, 2007, I wrote to the defendants' counsel pointing out that answers to my request for Admissions have not been received and requesting a response immediately. A copy of my letter is attached as Exhibit 2

WHEREFORE, the pro se plaintiff requests that the Court grant this motion in all aspects.

1 of 2

Dated: April 6, 2007

Signed under the pains and penalties of perjury

*[signature]*
Joseph P. Schmitt, pro se
Nemansket Correction Facility
30 Administration Road
Bridgewater, MA. 02324

UNITED STATES DISTRICT COURT

JOSEPH P. SCHMITT, pro se.,
    Plaintiff,

v.                        Civil Action No.:USDC-05-11348-NG

ROBERT MURPHY, et al.,
    Defendants.

## REQUEST FOR ADMISSIONS

Pursuant ro Rule 36, Fed.R.Civ.Proc., Plaintiff requests that defendant Robert Murphy make the following admissions within 30 days of service of this request.

1.    As superintendent of the Nemansket Correctional Facility you, Robert Murphy, have responsibilty over all deputy superintendents at said facility.

2.    As superintendent of the Nemansket Correctional Facility you have the authority over all Inner Paremeter Security officials at said facility.

3.    Plaintiff caused you to receive a letter dated June 3,2005 which regarded a financial gift received by this facility from Lillian Bates. See complaint Exhibit "D".

4.    With regards to the above noted letter dated June 3,2005 you, Robert Murphy, did not make any written response to it directed to the Plaintiff.

5.    As the superintendent of the Nemansket Correctional Facility you have authority over all matters that occure within said facility with specific regards to any inmate/patient.

6.    Deputy superintendent Duane MacEachern did author and serve upon Plaintiff a letter dated April 6,2005 regarding. See complaint Exhibit "A".

7.     Plaintiff authored and served upon Duane MacEachern a letter dated April 19,2005 regarding a financial gift of $800.00 received from Lillian Bates. See compalint Exhibit "B".

8.     Plaintiff authored and served a letter dated April 29,2005 to Duane MacEachern regarding a pending interview with Lieutenant Michael Kradolfer. See complaint Exhibit "C".

9.     As superintendent of the Nemansket Correctional Facility you were aware of the fact that Plaintiff received a finacial gift in the amount of $800.00 from Lillian Bates on or about April 1,2005.

10.    As superintendent of the Nemansket Correctional Facility you are aware of the specific CMR policys 103-CMR-481 and 103-CMR-405.

11.    As superintendent of the Nemansket Correctional Facility you, Robert Murphy, are aware of the procedures set out in 103-CMR-405.12 (1) - (13).

12.    As superintendent of the Nemansket Correctional Faciliy you are aware that 103-CMR-405 and/or 103-CMR-481 does not give give any Department of Correction public employee the legal authority to distribute any inmate or civil detainee personal funds without their express written authorization.

13.    With regards to complaint Exbibit "A" state the specific alleged facts that designated the $800.00 money order from Lillian Bates as "Suspicious."

14.    Since Plaintiff's initial incarceration in the Massachusetts Department of Correction, approximately September 13,1994, Plaintiff has received hundreds and thousands of dollars from many different donors.

15. Plaintiff has not been charged with any crime by any law enforcement agency regarding the $800.00 financial gift he was to receive from Lillian Bates.

16. There is no specific rule, regulation or policy that states finacial gifts may be refused and returned to donors with out the knowlege and/or consent of the intended recipient.

17. As the superintendent of the Nemansket Correctional Facility you had knowlege of the fact that officials beneath you authority intended to and or did in fact reject the $800.00 financial gift meant for the Plaintiff from Donor Lillian Bates and/or return said finacial gift to said donor.

18. There was an investigation into the matter of Plaintiff receiving an $800.00 financial gift from Lillian Bates.

19. Please state the name and rank of the official(s) whom conducted the investigation indicated above in admission 18.

20. Plaintiff received no disciplinary report or Observation of Behavior Report for the alleged suspicious $800.00 money order he was to receive from donor Lillian Bates on April 1,2005.

21. Plaintiff has named this defendant, Robert Murphy, in numerous legal actions filed within the State and Federal Courts of this Commonwealth.

22. Plaintiff has been subjected to Observation of Behavior Reports and severe sanctions for making agressive written comments to his attorney Christopher P. LoConto regarding the actions of Robert Murphy involving Plaintiff's personal funds.

Dated: February 21,2007

Respectfully submitted,

[signature]

Joseph P. Schmitt, Pro se
Plaintiff
Nemansket Corr. Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

I, Joseph P. Schmitt, hereby certify that a true copy of the above admissions were served upon Robert Murphy's counsel, Brendan J. Frigault, at Nemansket Correctional Facility 30 Administration Road Bridgewater Massachusetts 02324-3230 via pre paid first class U.S. Mail on or about February 22, 2007

Joseph P. Schmitt, pro se

Exhibit #2

Mr. J.P. Schmitt
Nemansket Corr. Facility
30 Administration Road
Bridgewater, Ma. 02324


Brendan J. Frigault, Esq.
Legal Division
Nemansket Corr. Facility
30 Administration Road
Bridgewater, Ma. 02324


March 26, 2007


RE: Schmitt v. Murphy   USDC-2005-11348-NG


Dear Mr. Frigault,

On February 22, 2007 I served you with "Request for Admissions", pursuant to Rule 36., Fed.R.Civ.P.

It is now past the 30 day response time allowed and I have not received any objections or response of any sort from the defendants.

I respectfully request that you remedy this error before April 6, 2007. If you fail to do so I shall seek an order to compel defendants response that same date.


Respectfully Yours

Joe[signature]


cc: JPS

## Certificate of Service

A true copy of the above documents were served upon defendants counsel Brendan J. Frigault via 1st Class mail or Intra-facility mail on April 7, 2007

_____
Joseph P. Schmitt, pro se
Nemansket Correctional facility
30 Administration Road
Bridgewater, MA. 02324

United States District Court

Joseph P. Schmitt, pro se,
        Plaintiff,

v.                          CA.# 2005-11348-NG

Robert Murphy, et al
        Defendants

FILED
IN CLERKS OFFIC

2007 OCT 15 P 2: 1

U.S. DISTRICT COUR
DISTRICT OF MASS

## MOTION TO COMPEL DISCOVERY

Now comes the pro se plaintiff and moves pursuant to Rules 34(b) and 37(a), Fed. R. Civ. P., for an order compelling the defendants to produce for inspection and copying the documents requested on February 23, 2007.

Dated: April 6, 2007

Respectfully filed,
Joseph P. Schmitt
Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Ma. 02324

# United States District Court

Joseph P. Schmitt, pro se.
    Plaintiff,

v.                                    CA.# 2005-11348-NG

Robert Murphy, et al.,
    Defendants

## Affidavit in Support of Motion to Compel Discovery

Joseph P. Schmitt, being duly sworn, deposes and says:

1. I am the pro se plaintiff in this case. I make this affidavit in support of my motion to compel discovery.

2. On February 24, 2007, I served on the defendants' counsel a request for production of documents, which is attached to this affidavit as Exhibit 1.

3. Defendants did not respond to this request after 30 days, nor did they request an adjournment from the court or seek my agreement to an adjournment.

4. On March 23, 2007, I wrote to the defendants' counsel pointing out that their responses have not been received and requesting they respond immediately. A copy of my letter is attached as Exhibit 2.

WHEREFORE, the pro se plaintiff requests that the Court grant this motion in all aspects.

1 of 2

Dated: April 6, 2007

Signed under pains and penalties of perjury

*[signature]*
Joseph P. Schmitt, pro se
Nemansket Correction Facility
30 Administration Road
Bridgewater, Ma. 02324

Exhibit #1

UNITED STATES DISTRICT COURT

JOSEPH P. SCHMITT, pro se.,
    Plaintiff,

v.                                          Docket No.:2005-11348-NG

ROBERT MURPHY, et al.,
    Defendants

REQUEST FOR PRODUCTION OF DOCUMENTS
AND THINGS...PURSUANT TO RULE 34

    Plaintiff, Joseph P. Schmitt, requests defendants

    (1)    To produce and permit plaintiff to inspect and to copy each of the following documents:

    (a)    103-CMR-481 Inmate Mail Policy in effect on April 1,2005;

    (b)    103-MTC-403A Inmate Property Policy in effect on April 1,2005;

    (c)    103-DOC-506 Search Policy in effect on April 1,2005:

    (d)    Any and all departmental memos, reports, transcripts, etc regarding the matter of plaintiff recieving an $800.00 money order from Lillian Bates;

    (e)    Any and all reports, memos, notes, transcripts, etc., produced by or caused to be produced by Michael Kradolfer with regards to the interview conducted by this official in late April to early May 2005 as noted in this complaint's Exhibit "C";

    (2)    To produce a certified copy of, or the original audio tape used to record the interview refered to above in (1)(e).

Dated: February 23,2007

Exhibit #2

Joseph P. Schmitt
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Ma. 02324-3230

Brendan J. Frigault, Counsel
Department of Correction
Legal Division
30 Administration Road
Bridgewater, Ma. 02324-3230

March 23, 2007

RE: Schmitt v. Murphy   USDC-2005-11348-NG

Dear Attorney Brendan Frigault.

On February 24, 2007 I served defendants through you A, "Request for Production of Document And Things... Pursuant to Rule 34."

The 30 day time limit to respond is nearly expired and I have received no response. I do wish to avoid having to move for a Court Order to compel so I respectfully request your response immediately.

Please note that if you do not respond by April 6, 2007 I shall file a Motion to Compel Discovery

Respectfully Yours
Joseph P. Schmitt

cc: JPS

## Certificate of Service

A true copy of the Above documents were served upon defendants counsel Brendan J. Frigault via 1st class mail or Intra-facility mail on April 7, 2007

*Joseph P. Schmitt*

Joseph P. Schmitt, pro se
Nemasket Correctional Facility
30 Administration Road
Bridgewater, Ma. 02324

Exhibit #1

UNITED STATES DISTRICT COURT

JOSEPH P. SCHMITT, pro se.,
    Plaintiff,

v.                           Docket No.:2005-11348-NG

ROBERT MURPHY, et al.,
    Defendants

REQUEST FOR PRODUCTION OF DOCUMENTS
AND THINGS...PURSUANT TO RULE 34

    Plaintiff, Joseph P. Schmitt, requests defendants

    (1)    To produce and permit plaintiff to inspect and to copy each of the following documents:

    (a)    103-CMR-481 Inmate Mail Policy in effect on April 1,2005;

    (b)    103-MTC-403A Inmate Property Policy in effect on April 1,2005;

    (c)    103-DOC-506 Search Policy in effect on April 1,2005:

    (d)    Any and all departmental memos, reports, transcripts, etc regarding the matter of plaintiff recieving an $800.00 money order from Lillian Bates;

    (e)    Any and all reports, memos, notes, transcripts, etc., produced by or caused to be produced by Michael Kradolfer with regards to the interview conducted by this official in late April to early May 2005 as noted in this complaint's Exhibit "C";

    (2)    To produce a certified copy of, or the original audio tape used to record the interview refered to above in (1)(e).

Dated: February 23,2007

Respectfully submitted,

*[signature]*

Joseph P. Schmitt, pro se
Nemansket Corr. Facility
30 Administartion Road
Bridgewater, Massachusetts
02324-3230


CERTIFICATE OF SERVICE

I, Joseph P. Schmitt, hereby certify that a true copy of the above document was served upon counsel of record for the defendants via pre~paid ~~first~~ class U.S. Mail on or about February 24, 2007

*[signature]*

Joseph P. Schmitt, pro se

Exhibit #2

Joseph P. Schmitt
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Ma. 02324-3230


Brendan J. Frigault, Counsel
Department of Correction
Legal Division
30 Administration Road
Bridgewater, Ma. 02324-3230


March 23, 2007


RE: Schmitt v. Murphy   USDC-2005-11348-NG


Dear Attorney Brendan Frigault.

   On February 24, 2007 I served defendants through you a "Request for Production of Document And Things... Pursuant to Rule 34".

   The 30 day time limit to respond is nearly expired and I have received no response. I do wish to avoid having to move for a Court Order to compel so I respectfully request your response immediately.

   Please note that if you do not respond by April 6, 2007 I shall file a Motion to Compel Discovery

Respectfully Yours

Joseph P. Schmitt

cc: JPS

<u>Certificate of Service</u>

A true copy of the above documents were served upon defendants counsel Brendan J. Frigault via 1st class mail or Intra-facility mail on April 7, 2007

*Joseph P. Schmitt*

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Ma. 02324