UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOSEPH P. SCHMITT, Pro se.,
    Plaintiff,

v.                                            C.A. No. 2005-11348-NG

ROBERT MURPHY, et al.,
    Defendants.


PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

    Now comes the pro se plaintiff, Joseph P. Schmitt, and moves, pursuant to Massachusetts Rules of Court -- Federal Rule 56(a), for a Summary Judgement.

    As grounds for the above motion, plaintiff states the following:

1.    Defendants filed their "Answer" to plaintiff's complaint on or about May 31,2007.

2.    Defendants, to date, have failed to file any motion to dismiss or for any summary judgement or any other affirmative action against plaintiff.

3.    Defendants have ADMITTED paragraph seven (7) under FACTS OF COMPLAINT in plaintiff's complaint. which states,"On April 7,2005 Plaintiff received an institutional letter from defendant Duane McEachern, informing him that a letter from Lillian Bates 20 East Street Attleboro Massachusetts 02703 was received at this facility, Treatment Center of Bridgewater, and inside this letter a suspicious money order in the amount of eight hundred dollars, and this letter and money order was being retained as evidence pending an investigation. (see exhibit "A" attached).

4.    Defendants have ADMITTED paragraph eight (8) of plaintiff's complaint.

5.    Defendants have ADMITTED paragraph twelve (12) of plaintiff's complaint.

6.    As of the below noted date the defendants' have failed to credit plaintiff's financial acount with the $800.00 they clearly admit to have retained as evidence on April 7,2005.

7.    Defendants have not denied the fact that they seized plaintiff's funds which is a direct controdiction to the CMR's regulating plaintiff's MAIL, FUNDS and PROPRTY at the Massachusetts Treatment Center.

    WHEREFORE, Plaintiff moves this Honorable Court to make a summary judgement in favor of the plaintiff as follows;

(A)    Declare that the defendants have individually and collectively violated plaintiff's due process rights, State and Federal.

(B)   Declare that the defendants have violated their own CMR policies regarding MAIL, FUNDS, and Property by their actions individually and collectively.

(C)   Oder the defendants to credit plaintiff's financial account the $800.00 retained, allegedly, as evidence on April 7,2005 with compound interest.

(D)   Grant plaintiff damages under the 1983 section of this complaint in the following ways;

(1)   As to Robert Murphy;

   Monetary damages $5,000.00

   Punitive damages $10,000.00

(2)   As to Robert Clauss;

   Monetary damages $2,500.00

   Punitive damages $5,000.00

(3)   As to Duane MacEachern;

   Monetary damages $5,000.00

   Punitive damages $10,000 0

(4)   As to Kathleen Dennehy;

   Monetary Damages $5,000.00

   Punitive damages $10,000.00

(5)   As to Timothy Hall;

   Monetary damages $5,000.00

   Punitive damages $10,000.00

(E)   Enjoin defendants to expunge any and all records of this incident.

(F)   Any and all further awards justified under law that this Court deems just and fair.

Dated: November 26,2007

Respectfully filed,

Joseph P. Schmitt, pro se
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

I, Joseph P. Schmitt, hereby certify that on or about November 27, 2007 a true copy of the above motion for summary judgement was served upon defendants counsel, Brendan J. Frigault at 30 Administration Road Bridgewater, Massachusetts 02324-3230 via inter-facility mail service

Joseph P. Schmitt, pro se
Plaintiff