UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2007 DEC 13 P 12:03
U.S. DISTRICT COURT

JOSEPH P. SCHMITT, pro se.,
        Plaintiff,

v.                                    C.A. No. 2005-11348-NG

ROBERT MURPHY, et al.,
        Defendants'.


**PLAINTIFF'S OPPOSITION TO, DEFENDANTS' MOTION TO
STAY DISCOVERY PENDING HEARING ON MOTIONS FOR
SUMMARY JUDGMENT**


Now comes the pro se plaintiff, Joseph P. Schmitt and gives
opposition to defendants motion to stay discovery pending hearing
on motions for summary judgment.

As grounds plaintiff states the following:

1.   Plaintiff filed the above action on or about June 22,2005.

2.   On an unknown date plaintiff filed for and received default
upon all defendants. (05-11348-NG)(05-11603-NG).

3.   On or about May 31,2007, defendants' through counsel, Brendan
J. Frigault filed motion to remove default and was allowed said
motion.

4.   On or about May 31,2007, defendants' Murphy, Clauss, MacEachern,
Dennehy and Hall filed ANSWER to complaint.(05-11348-NG).

5.   On or about May 31,2007, defendants' Clauss, Leonard, Fairly,
Waitkevich, Dennehy, Murphy, Hall, and Dare filed ANSWER to complaint
(05-11603-NG).

6.   On or about November 26,2007, pro se plaintiff submitted via
U.S. Mail a motion for Summary Judgement.to the Court and to opposing
counsel via inter department mail service on or about November 26,2007.

7.   On February 21,2007, Plaintiff submitted, to opposing counsel
REQUEST FOR ADMISSIONS pursuant to Rule 36.

8.   On February 23,2007, Plaintiff submitted, to opposing counsel
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS...PURSUANT TO RULE 34.

9.   On March 23,2007, plaintiff submitted a letter to opposing
counsel regarding his lack of action on the previously submitted
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS....PURSUANT TO RULE 34.

10.  On March 26,2007, plaintiff submitted a letter to opposing
counsel regarding his lack of action on the previously submitted
REQUEST FOR ADMISSIONS pursuant to Rule 36.

11.  On April 6,2007, plaintiff filed motions to compel regarding
the above February 21,2007 REQUEST FOR ADMISSIONS, and, February
23,2007 REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS...PURSUANT
TO RULE 34.

12.  For reasons unknown to this pro se plaintiff, the Court deemed
it necessary and/or just not to take any action on the above noted
motions to compel defendants.

13.  On October 11,2007 having heard nothing from the Court regarding
his previously noted motions to compel the defendants, he submitted
a motion entitled, EMERGENCY MOTION FOR COURT TO COMPEL DEFENDANTS.
As of December 10,2007 plaintiff is unaware of any Court action on
this motion or previously noted motions.

14.  On |November 27,2007, plaintiff having been denied action by
both the Court and opposing counsel, deemed it necessary and justified
to file his motion entitled, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

15.  On November 26,2007 plaintiff filed his motion entiled, PLAINTIFF'S
MOTION FOR COURT TO TAKE ACTION ON SUBMITTED MOTION.

16.  Pursuant to the rules of civil procedure, plaintiff duly served
a copy of each of the above noted motions/pleadings upon opposing
counsel.

17.  On December 7,2007 opposing counsel electronically filed a
motion entitled, DEFENDANTS' MOTION TO STAY DISCOVERY PENDING HEARING
ON MOTIONS FOR SUMMARY JUDGMENT.

18.  Defendants' counsel, after disregarding the relevant rules of
procedural and substantive law since February 21,2007, with respect
to plaintiff's motions for discovery noted above, now seek this
Court grant them a stay, because now they have decided to file a
responsive motion to dismiss or, in the alternative, for summary
judgment on or about December 28,2007.

19.  The defendants' motion for Stay of Action is extremely untimely
and clearly designed to frustrate and delay the pro se plaintiff.

20.  Defendants' have already excessively delayed this action by
refusing to answer the complaint as the rules of federal civil procedure
dictate, then they wait some six plus months later decide they want
to file a responsive motion to dismiss or for summary judgment.

21.  The fact that opposing counsel is Bar Certified does not give
him license to disregard deadlines and ignore the rules of civil
procedure.

22.  Plaintiff brings this Court's attention to his motion entitled,
Plaintiff's Opposition To, Defendants' Motion For Extension Of Time
To File Response To Plaintiff's Motion For Summary Judgment, specifically
the attached exhibit #1. Counsels' co counsel filed this motion and

it would appear that since Bar Certified Counsel expects so much
from a high school drop out litigant like this pro se plaintiff,
then it must be expected from such an experienced member of the
Massachusetts Bar Association to conduct himself at a much higher
standard than the plaintiff, or at the very least, file responses,
motions and answers and other papers as dictated by the standing
rules of federal civil procedure.

23.    Defendants' by their repeated disregard of the plaintiff's
due process rights and rights afforded by the Constitution of the
Commonwealth of Massachusetts Art.XI, and the rules of civil procedure
are not entitled to the Court's discretion insofar as allowing any
stay in this action.

      **WHEREFORE,** FOR THE REASONS STATED ABOVE AND ALL THOSE THIS
COURT DETERMINES RELEVANT AND JUST, PLAINTIFF MOVES THAT THE DEFENDANTS"
MOTION BE DENIED, AND FURTHER THAT THE COURT ORDER?COMPEL SAID
DEFENDANTS' TO RESPOND TO PLAINTIFF'S DISCOVERY MOTIONS WITHOUT ANY
FURTHER DELAY. PLAINTIFF WOULD ALSO REQUEST THAT THE COURT PUT SAID
OPPOSING COUNSEL ON NOTICE THAT HIS PRESENT AND REPEATED PRACTICE OF
IGNORING PLAINTIFF'S LAWFUL MOTIONS CEASE AT THE THREAT OF CONTEMPT
OF COURT CHARGES AND FINES.


Dated: December 10,2007

                              Respectfully filed,


                              Joseph P. Schmitt, pro se
                              30 Administration Road
                              Bridgewater, MA. 02324-3230


                    **CERTIFICATE OF SERVICE**

      Plaintiff hereby certifies that a true copy of the above motion
was served upon Brendan J. Frigault via inter department mail at
20 Administration Road, Bridgewater, MA., 02324-3230 on or about
December 11,2007.


                              Joseph P. Schmitt, pro se
                              Plaintiff