UNITED STATES DISTRICT COURT

JOSEPH P. SCHMITT, PRO SE.,
    Plaintiff,

v.                                   CIVIL ACTION NO. 2005-11348-NG

ROBERT MURPHY, ET AL.,
    Defendants

**PLAINTIFF'S RENEWED OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    As grounds thereof, pro se plaintiff, Joseph P. Schmitt, states the following:

1.    Defendants' counsel, Brendan J. Frigault lied to this Court and/or at the very least failed to amend his December 7,2007 "Defendants' Motion For Extension Of Time To File Response To Plaintiff's Motion For Summary Judgment" Because the alleged G.L. c. 123, section 9 Superior Court Trial Verdigo v. Commonwealth, Middlesex No. MICV2002-01411, Unified Session No. SURC2002-11338, allegedly scheduled for December 12,2007 was in fact rescheduled. Counsel had ample time to research and draft a responsive pleading, but made the deliberate decision to simply do nothing where this case was concerned.

2.    Extensions of time are to be granted upon a showing of real necessity. However, in this case necessity is replaced by sheer negligence and disregard for the Rule Of Civil Procedure.

3.    Defendants' counsel had from December 12,2007 to December 28,2007 to draft a response. Said counsel chose not to do so. Plaintiff should not be subjected to unnecessary delays in obtaining justice. See Art. XI. The Constitution of the Commonwealth of Massachusetts

4.    Defendants' had from or about June 22,2005 to research the allegations made in this complaint. However they now wait untill the very last moment to file for yet another extension, and one up to and including February 28,2007 which is outrageous and a clear abuse against this pro se plaintiff, especially when it is extremely clear that the defendants acted in contrary to their very own policies which resulted in plaintiff being deprived $800.00 since 2005.

5.    The Treatment Center has a staff of attorneys who can handle G.L. c. 123A, section 9 trials. The Department of Correction has in excess of sixty five attorneys who can very easily handle such cases. PLaintiff should not be denied justice in a prompt manner simply due to the fact the Department of Correction is so inadequate about designating cases to it vast army of attorneys so as not to over burden any one attorney.

6.      Pro se plaintiff has in excess of twenty cases active in the various State and Federal Courts of the Commonwealth. With few exceptions he meets Court ordered time limits and schedules.

7.      Counsel now alleges that the response will require extensive research and analysis. In reality, regarding the issue of the $800.00 there is minimal research involved. Facts are facts. The defendants violated their own policy and confiscated a check payable to plaintiff in the amount of $800.00 and claim to have returned it to the sender. This is a cut and dry case. Plaintiff has a definate property interest in the funds received as gifts from outside sources. Defendants violated this right and are liable for compensation and damages.

8.      Plaintiff suffers now by being seperated, illegally, from his funds. Excessive delays, years worth, make this burden that much worse upon this pro plaintiff. If he was in fact represented by a well known law firm such abusive delays would not be tolorated at all or more likely even attempted by defendants counsel.

9.      With regard to counsel's scheduled appellate argument for January 17,2007 in the case of Quintal v. Commonwealth, 2007-P-0398 is an outrage as it puts a case before plaintiff when plaintiff's case is dated back to 2005.

10.     Defendants do not have a right to such extensions of time. However, plaintiff does have a right to justice in a timely manner and in this case such timeliness is extremely violated in every aspect.

11.     Plaintiff exerts all the reasons here used in his first opposition to defendants motion for extension of time up to and including December 28,2007.

        IN CONCLUSSION, Plaintiff moves that this Court deny the defendant abusive and excessive motion for extension of time up to and including February 28,2008, and to further order defendants' to file an opposition to plaintiff's motion for summary judgment by January 30,2008 and if said order is not obeyed have judgment made in plaintiff's favor for all relief requested.

December 28,2007

                                        Respectfully filed,

                                        _____
                                        Joseph P. Schmitt, pro se
                                        Plaintiff
                                        30 Administration Road
                                        Bridgewater, MA. 02324-3230

CERTIFICATE OF SERVICE

    I, Joseph P. Schmitt, hereby certify that on or about December 31, 2007 a true copy of the above motion was served upon Brendan J. Frigault via inter-facility mail

*/s/ Joseph P. Schmitt*
Joseph P. Schmitt, pro se
Plaintiff
30 Administration Road
Bridgewater, MA. 02324-3230

FILED
IN CLERKS OFFICE
2008 JAN -3 A 11:55
U.S. DISTRICT COURT
DISTRICT OF MASS.