UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2005-11348 and
NO. 2005-11603 (Consolidated)

**JOSEPH SCHMITT,**
      **Plaintiff,**

v.

**ROBERT MURPHY, ET AL.,**
      **Defendants.**

**DEFENDANTS MOTION FOR RECONSIDERATION OF COURT ORDER
AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT**

Defendants hereby move this Court to reconsider and modify the Order of Court entered on April 22, 2008. On April 22, 2008, this Court entered an order partially granting the Plaintiff's Motion for Summary Judgment as to liability, due to the Defendants' failure to file a timely response to the Plaintiff's motion. The Defendants' seek reconsideration of that order, on the grounds that failure to file was wholly caused by an oversight by counsel, who thought he had filed a response months ago. *See* Affidavit of Brendan J. Frigault. This oversight was further complicated by the fact that since January of 2008, counsel for the Defendants has represented the Commonwealth of Massachusetts in five separate jury trials pursuant to G.L. c. 123A, § 9. These trials are extremely fact-intensive, require significant preparation, and involve multiple expert witnesses. In addition, counsel for the Defendants has had to draft briefs and argue two separate matters before the Massachusetts Appeals Court. The interests of justice require that the Defendants' arguments be heard and considered, especially given the facts and arguments set forth in the Defendants' Motion to Dismiss, or, in the alternative, Motion and Memorandum for

Summary Judgment.

                                      Respectfully Submitted

                                      by the Commonwealth

                                      NANCY ANKERS WHITE
                                      Special Assistant Attorney General

                    by:       s/ BRENDAN J. FRIGAULT
                                      Brendan J. Frigault, Counsel
                                      Department of Correction
                                      Massachusetts Treatment Center
                                      30 Administration Road
                                      Bridgewater, Massachusetts 02324
                                      (508) 279-8180
                                      E-Mail: BJFrigault@DOC.state.ma.us
Dated: April 22, 2008                  BBO Number 647669

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused a true copy of the attached document to be served upon the Petitioner through intra-facility mail.

    Joseph Schmitt, M81137
    Massachusetts Treatment Center
    30 Administration Rd.
    Bridgewater, MA 02324

                                              s/ BRENDAN J. FRIGAULT
                                              Brendan J. Frigault

Dated: April 22, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2005-11348 and
NO. 2005-11603 (Consolidated)

**JOSEPH SCHMITT,**
       **Plaintiff,**

v.

**ROBERT MURPHY, ET AL.,**
       **Defendants.**

---

**AFFIDAVIT OF BRENDAN J. FRIGAULT**

---

I, Brendan J. Frigault, hereby depose and state as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts. I am employed by the Massachusetts Department of Correction ("DOC"), based at the Massachusetts Treatment Center for Sexually Dangerous Persons ("Treatment Center"). My duties as a DOC attorney include representing the Commonwealth in G.L. c. 123A, § 9 proceedings in which a sexually dangerous person ("SDP") petitions the Superior Court for his release from his civil commitment to the Treatment Center. In these hearings, it is the Commonwealth's burden to prove beyond a reasonable doubt that the petitioner remains a SDP. These cases are managed through the office of the Chief Justice of the Superior Court.

2. Upon receipt of notice of the Court's April 22, 2008 order, I reviewed my case materials and discovered that I had not filed a response, which I found, completed, on my computer. I had mistakenly thought that I had filed a response in January of early February of 2008.

3. I have represented the Commonwealth in five G.L. c. 123A, § 9 trials in January through April of 2008: (1) January 22, 2008: *McIntyre v. Commonwealth*, (SUCR2006-10109); (2) February 8, 2008, *Verdigo v. Commonwealth*, (SUCR2002-11338); (3) *Guillotte v. Commonwealth*, (SUCR2006-10221); (4) *Clark v. Commonwealth*, (SUCR2003-11202); and (5) *Blair v. Commonwealth*, (SUCR2006-10644). These cases are highly fact intensive, involve expert testimony and require significant trial preparation. Due to this workload, I lost track of the fact that I had inadvertently failed to file a response to the Plaintiff's Motion.

4. I also have a full case load of various prisoner litigation cases in both Federal and State

courts, including active appeals in *John Miller v. Commonwealth of Massachusetts*, 2006-P-1815; and *Dennis Quintal, Sr. v. Commonwealth of Massachusetts*, 2007-P-0398. Arguments were held in these cases in January. The *Miller* argument was held on January 8, 2008, and the *Quintal* argument (via telephone conference) was held on January 17, 2008.

5. The Massachusetts Treatment Center Legal Division, of which I am a part, is currently short handed. Of the six potential attorney positions, only four are currently staffed. This requires me to handle a greater volume and variety of cases and intakes that under normal conditions.

6. Due to the heavy case load of trials and appeals, I mistakenly and inadvertently failed to file a timely response to the Plaintiff's motion for summary judgment.

Signed under the penalties of perjury this 22nd day of April, 2008

                                                  S/ BRENDAN J. FRIGAULT_____
                                                  Brendan J. Frigault, Counsel