UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JosepH P. Schmitt, Pro se.,
    Plaintiff,

-vs-

Robert Murphy, et al.,
    Defendants.

CIVIL ACTION NO. (CONSOLIDATED)
2005-11348-NG & 2005-11603-NG

PLAINTIFF'S OPPOSITION TO DEFENDANTS'S MOTION TO DISMISS,
OR, IN THE ALTERNATIVE,
MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

    Now comes the pro se plaintiff and opposes the defendants motion to dismiss, or, in the alternative, motion and memorandum for summary judgment for the following reason. As such defendants motion must be denied in full.

    Plaintiff shall respond to defendants motion as needed under headings used by defendants, then, if needed he shall make further responses at the end of this opposition motion.

INTRODUCTION

    Plaintiff has no objections as to the statement set forth under this captioning, beyond the fact that the Introduction of his complaint does in fact state that this is an action against defendants for the violations of plaintiff's due process rights and is challenging the constitutionality of the defendants rules and regulations used to support the actions of the defendants.

FACTS

    Plaintiff does not concur with the defendants assertion that,"Plaintiff was transferred from his cell in the MTC to the Minimum Privilege Unit (MPU) pending an investigation into the filing of fradulent tax returns." Defendants clearly mislead and/or blatantly lie to this Honorable Court by claiming plaintiff was placed in MPU based on an alleged tax scam, when in fact the very evidence they refer this Honorable Court to, Exhibit "E" attached to their motion to dismiss,

very clearly indicates that plaintiff alleged that he is being extorted by several black residents. Furthermore the very first paragraph of defendants "exhibit E" clearly indicates that the interview was conducted in regard to a fradulent MCLS check that was made out to plaintiff. Defendants obviously are lieing to this Honorable Court to justify their illegal confiscation of his funds and personal property for which the combined actions are based upon.

ARGUMENT

    Plaintiff states that this section contains statements and/or conclusions of law that require no response at this time.

I. ALL OF PLAINTIFF'S CLAIMS ARE SUBJECT EITHER TO DISMISSAL OR SUMMARY JUDGMENT IN DEFENDANTS' FAVOR.

    Plaintiff states that this section contains statements and or conclusions of law that requires no response at this time.

II. THE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST AND DOC EMPLOYEE UNDER 42 U.S.C § 1983.

    Plaintiff has, by the very wording of his complaint(s), made a reasonable showing that (1) all named defendants were acting under color of law at all times relevant to the actual complaint, and (2) that the conduct caused a denial of rights secured by the Constitution or federal law. Plaintiff has stated that the defendants confiscated his personal funds and personal property in violation of defendants very own rules and regulations. This in itself is a violation of due process in its most basic form.

    Defendants allege that plaintiff does not allege that the defendants directly deprived him of a constitutional right and further state that he does not even specify what acts or ommissions he alleges constituted wrongful behavior on the part of the defendants. Plaintiff may not have eloquently phrased the specific acts and/or ommissions of the defendants in his pro se complaint, however a review of the complaint(s) shows a reasonable amount of facts to led any court or experienced counsel of the Massachusetts Bar to understand what the facts are, who committed such acts or constitutional violations.

    Plaintiff's complaint is not about "deliberate indifference, and as such

he shall make no argument against defendants misdirected allegations on this issue.

### III. THE DOC DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THE PERFORMANCE OF THE DISCRETIONARY FUNCTIONS OF THEIR POSITIONS.

Plaintiff states that the defendants actions in this matter are not discretionary, but rather very clearly defined by the CMRs that govern both Inmate Mail and Searches.

Plaintiff at the time of authoring this motion having no access to the law library (6/13/2008 12:42AM) must depend upon his memory, and so states that 103 -CMR-405 INMATE FUNDS clearly dictates that funds deemed controband shall be placed into inmate's account, receiving full interest, while being frozen while any investigation is being conducted.

The defendants deviated from this commanding policy which carries the full weight of law. As such it is not a discretionary act but rather a well established procedure based within a rule or regulation established under law.

Defendants refer to common law immunity in which plaintiff states the following.

Requirement number one for common law immunity, according to the defendants is: "the defendant must have been authorized, in the exercise of discretion, "to make a decision and to perform acts in the making of that decision."

It is well established that only the Commissioner of the DOC and/or his appointed designee has the authority to alter a policy or regulation. In this case the only defendant with such lawful authorization would be defendant Robert Murphy who holds the position of Superintendent. At the time of the complained issues no policy or regulation was altered to allow the defendants to violate plaintiff's due process rights, property rights by sending the $800.00 alleged suspicious money order back to sender under any circumstances.

The second requirement is:"the defendant's descisions and act must have been with the scope of his duty, authority and jurisdiction."

No evidence has been offered by the defendants to establish this fact for any of the defendants, and as stated above the 103-CMR-403 Inmate Funds Policy clearly states how the money order must be handled.

The third and final requirement is:"the defendant must not have committed more than negligence or other error in making his decision and in acting.

Since no defendant below the official rank of Commisioner had the authority

to meet the first and second requirements noted above this third requirement can not be achieved by the noted defendants, with the exception of former commissioner, Kathleen M. Dennehy.

### IV. THE DEFENDANTS PROPERLY FOLLOWED ALL APPLICABLE REGULATIONS AND POLICIES.

Defendants here attempt to rely on the fact that the courts should not interfer with prison admistration issues because they are allegedly complex and not susceptible to resolution through judicial decree. Plaintiff refers the Honorable Court's attention to Tribble v. Gardner 860 F.2d 321,; 1988 U.S. App. LEXIS 14388 FOOTNOTE 9 "In view of the substantian evidence that, in enacting Policy Directive 420.110(A)(4)(a), defendants have exaggerated their response to purported security considerations, we do not defer to their expert judgment in these matters. See, e.g., Whitley v. Albers, 475 U.S. 312, 322, 89 L. Ed. 2d 251, 106 S.Ct 1078 (1986) (deference accorded to prison administrators "does not insulate from review actions taken...for no legitimate purpose"); Pell v. Procunier, 417 U.S. 817, 827, 41 L.Ed. 2d 495, 94 S. Ct. 2800 (1974) ("Courts cannot...abdicate their constitutional responsibilty to delineate and protect fundamental liberties.").

### A. The $800.00 Money Order - Complaint 05-11603.

Plaintiff states that for clarification he will name the individuals for which defendants refer to as R.M. and R.D.. Roy Moore and Richard Dozier are the individual refered to by these initials.

The initials K.B. stand for Kevin Bates, for which plaintiff has no knowledge of beside what was indicated in defendants motion to dismiss.

Allegations are not facts in the eyes of the federal or state laws, and as such the defendants exaggerated response was not authorized by any law, rule or regulation.

The very fact that a single person sends one, two or even three individuals a money order is not within itself a crime or as the defendants allege "a criminal enterprise."

Plaintiff further points out the fact that Roy Moore, who now resides in Worcester Massachusetts and can be contacted by said plaintiff at will, were temperary civil commitments pursuant to M.G.L. c. 123A, and NOT prisoners as defined by the PLRA nor is the Massachusetts Treatment Center a prison as defined by the PLRA. As such Plaintiff and Moore should not have been subjected to the

violations

The defendants allege that an investigation was being conducted involving tax returns. For the purpose of argument let us say that this is true. Now common sense would surely dictate that if there was such a belief on the defendants behalf, they surely would not tip off any of the alleged tax fraud players by holding up any funds and returning said funds to Ms. Lillian Bates as they claim to have done.

The proper course of action, as clearly dictated by 103-CMR-405 INMATE FUNDS, was to place the funds on plaintiff account and pay him due interest while the alleged investigation was going on, and if there was any fact to these unfounded allegations, plaintiff would have been criminally charged and the IRS would have siezed the funds. This of course did not and never will happen because nothing was ever confirmed by any true law enforcement agency, but only alleged by DOC public employees who have inspirations of becoming a law enforcement official.

The defendants have cried "WOLF" too often, and in doing so have trampled upon the very real and very protected constitutional rights of the plaintiff.

Simply because the plaintiff and the sender were allegedly notified in writing of the decision to return the money order ($800.00) to sender does not negate the plaintiff's property interest right in said funds. The fact that the defendants are authorized to receive mail on the behalf of plaintiff clearly indicates that in essence plaintiff did in fact have legitimate possession of a money order made out and payable to him by a citizen of the Commonwealth. As such plaintiff had an undeniable property interest in these funds. See Mahers v. Halford, 76 F.3d 961 (8th Cir. 1996).

The defendants allege that plaintiff has utterly failed to show or even allege that any of the defendants violated any protected constitutional right by returning the suspicious money order to its source. With all due respect the defendants clearly have not read the complaint in this matter or simply can not comprehend basic and simply allegations and facts presented to them by a pro se layman plaintiff.

Plaintiff further states that he has never concured with the defendants allegation that the money order(s) were in reality ever returned to the sender Ms. Lillian Bates, as they have never supported this allegation with any factual and undisputable evidence. They very strongly proved their receipt of said money order(s) by way of numerous statements and exhibits.

The defendants allege that plaintiff had been the subject of a long standing investigation regarding fraudulent filing of tax returns. See page 11 paragraph 2 of defendants motion to dismiss. They refer the Court to Exhibit E. A review of Exhibit E clearly shows no supporting facts to this allegation by the defendants. The one and only mention of a tax return is by plaintiff himself, allegedly, and it has no bearing upon any illegal tax return. In fact, if the defendants were more honest and open with this Honorable Court they would have informed said Court that they have issued numerous disciplinary reports and Observation of Behavior Reports against the plaintiff for authoring and selling **"ADULT PORNOGRAPHIC STORIES"** to publishers for profit. In fact this 1st Circuit U.S. District Court has overseen a jury trial regarding this very issue involving the plaintiff and DOC officials. See 04-10717-RWZ & 04-10451-RWZ. Plaintiff defeated the DOC in both cases before a jury trial.

B. The Confiscated Items - Complaint 05-11348.

The defendants, once again deliberately give this Honorable Court false information to support their allegations as to why they violated plaintiff's clearly established constitutional rights, by stating the May 17,2007 (sic) interview by IPS Lieutenant Michael Kradolfer and Officer Robert D. Clauss was in fact regarding the filing of fraudulent tax returns. The entire interview was in fact based on a check from MCLS which plaintiff informed DOC officials was given to a certain black individual shortly after receiving it. This was simply a part of an ongoing extortion against the plaintiff. During this interview plaintiff informed IPS Officer Kradolfer, who it should be noted to the Court had introduced himself as a federal agent of the IRS, not a DOC public employee/IPS Lieutenant, and IPS Officer Robert Clauss that he kept all the extortion canteen lists authored by the black civil detainees/residents and did in fact give the specific location of said documents to said IPS officials. Plaintiff was forced into protective custody because of his allegations of this extortion, not because of some alleged tax fraud scam as the defendants are trying to make this Honorable Court believe to support their motion to dismiss.

Defendants now allege that plaintiff received written notification of exactly what was taken from his personal property. They allege that plaintiff was served with Exhibit F attached to their motion to dismiss. In short, this is yet another outright lie by the defendants in their attempt to justify their

abuse of the pro se civilly detained plaintiff. Plaintiff states here and now under pains and penalties of perjury that defendants Exhibit F was never presented to said plaintiff until the service of defendants motion to dismiss. Furthermore, plaintiff refers this Honorable Court's attention to Exhibit A in plaintiff's USDC Civil Action 2005-11603-NG. Exhibit A is what defendant Robert Clauss served upon said plaintiff with regards to what was taken from his personal property. This fact is clearly noted in plaintiff's complaint filed many years ago in this court. Furthermore, plaintiff did in fact make a written request to defendant Robert Murphy for an itemized list of what was removed from his personal property by IPS C.O. Robert Clauss. See complaint 2005-11603-NG Exhibit B. After much delay and more requests from plaintiff, defendant Robert Murphy finally provided said plaintiff with a list of the alleged personal property which was removed from his property by IPS C.O. Robert Clauss on Wednesday May 18,2005. Regretfully this list is not immediately accessible to the plaintiff because it was submitted as evidence in his SDP Trial WOCV2002-01529 Mass v. Schmitt on October 21,2005. The list provided to plaintiff only indicated a National Geographic Magazine cover, one magaine photo of a boy fishing (my nephew James Michaud) and tax forms.

To further establish the fact that defendants are lieing to this Honorable Court regarding their Exhibit F, plaintiff refers the court to complaint 2005-11603-NG Exhibits "B", "C", "D", "E" and "F". Exhibit F is from defendant Robert Murphy and is very clearly dated June 7,2005. This letter clearly supports defendant Robert J. Waitkevich's refusal to provide plaintiff with an itemized list of property taken from plaintiff's property. Yet defendants would still insist on attempting to lie to this Honorable Court on issues so easily proven by documents filed years ago in this and Worcester Superior Court.

## IN CONCLUSSION.

As seen by the exhibits in complaint 2005-11603-NG plaintiff did provide certain facts to DOC officials regarding specifically who filed a bogus tax return. Plaintiff did not hide these facts at any time and wilfully related the information to DOC officials after he was subjected to extortion.

With regards to the alleged sexually explicit materials, this material was forwarded to the Worcester District Attorney's Office without any opportunity afforded to plaintiff to challenge the validity of his knowledge or previous

Submitted By:
Joseph P. Schmitt, Pro se
Plaintiff

*/s/ Joseph P. Schmitt*

Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

## CERTIFICATE OF SERVICE

Plaintiff states that a true copy of the above opposition was served upon Brendan J. Frigault, Esq via inter-facility mail on or about June 17, 2008

Joseph P. Schmitt, pro se
Plaintiff

*/s/ Joseph P. Schmitt*