


*The Commonwealth of Massachusetts*

*Executive Office of Public Safety and Security*

*Department of Correction*

*Massachusetts Treatment Center*

*30 Administration Road*

*Bridgewater, Massachusetts  02324-3230*

Tel: (508) 279-8100   Fax: (508) 279-8105

www.mass.gov/doc

Deval L. Patrick
*Governor*

Timothy P. Murray
*Lieutenant Governor*

Kevin M. Burke
*Secretary*

Harold W. Clarke
*Commissioner*

James R. Bender
Ronald T. Duval
Veronica M. Madden
*Deputy Commissioners*

Robert Murphy
*Superintendent*

June 8, 2009

Joseph Schmitt, M81137
Massachusetts Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

    Re: *Schmitt v. Murphy, et al.,* No. 2005-11348

Dear Mr. Schmitt:

    I am in receipt of several filings, requests and letters related to the above-entitled matter. I am writing in an effort to respond where appropriate, and to clear up the remaining issues in this case, as requested by Magistrate Judge Sorokin on May 28, 2009.

    First, I address the issues raised in your letter to me dated May 29, 2009 (12:42 AM). Regarding your *Request for Admissions*, dated April 2, 2009, and directed to Superintendent Murphy, you indicated to the Court on May 28, 2009 that you did not require a response to this request, as it references events that allegedly occurred in December, 2008, and have no relevance to the allegations in this case. I note, however, that in your letter, you now indicate that "Although this does not appear to be related to the 2005 issue, it simply does as it shows a repeated pattern, and is admissible so please respond." I disagree. I will be filing a motion for a protective order with regard to this Request for Admission.

    Regarding your *Emergency Motion for Court to Order Cases Sealed* (Document No. 68), dated April 29, 2009, that motion was denied on May 11, 2009. (*See* Docket Sheet, a copy of which I am attaching for your convenience.) Similarly, your *Motion to Stay Responses to Defendants' First Set of Interrogatories to Plaintiff, Joseph Schmitt* (Document No. 69) was also denied on May 11, 2009. You indicated at the hearing on May 28, 2009 that you had completed your responses to the *Defendant's First Set of Interrogatories*, and would forward them to me by May 29, 2009. In you letter, you have indicated that you intend to delay the response until the Court rules on your *Emergency Motion for Appointment of Counsel* (Document No. 67). Please note that the Court denied that motion, also on May 11, 2009. Based on the foregoing and the direction of the Court, you are required "to answer the Defendant's interrogatories within the time provided by the rules." (*See* Docket Sheet, May 11, 2009 entry.) The time required by the

rules has passed. If you require more time, please let me know. I am willing to agree to a reasonable extension.

Next, you reference a letter dated April 29, 2009, in which you request "a copy of the Policy for SEARCHES and IPS INVESTIGATIONS." In response, I am enclosing a copy of 103 DOC 506 - SEARCHES. The MTC Procedural Attachment is not publicly available. The Defendants will not produce this document for security reasons. With regard to your request for the policy on IPS investigations, be advised that your lack of specificity as to precisely what policies you are seeking makes it impossible to respond.

Finally, in your May 29, 2009 letter you provide a list of motions and discovery requests that you claim require a response. I address each in turn:
1. *Plaintiff's Interrogatories to Defendants Robert Murphy, Robert D. Clauss, and Robert J. Waitkevich*, dated April 25, 2009. I am in the process of preparing answers. As I indicated to the Court, because you have asked each of the three Defendants to answer the same questions, it will take some time to compile the answers. I intend to provide the answers prior to July 7, 2009.
2. *Request for Admissions to Under Rule 36*, directed to Robert Murphy, dated may 11, 2009. I intend to seek a protective order or file a motion to strike this discovery request.
3. *Request for Production of Documents Etc., Under Rule 34*, dated April 25, 2009. These requests are all related to interrogatories that have been served upon you in the *Defendants' First Set of Interrogatories*. I will respond to your request for production as soon as I receive answers to the *Defendants' First Set of Interrogatories*.
4. *Affidavit of Joseph Schmitt* (Document No. 64), dated April 7, 2009. This affidavit concerns issues that have nothing to do with the allegations in this case, and does not require a response.
5. *Plaintiff's Motion for Summary Judgment as to the Consolidate [sic] 2005-11603-NG Portion of This Action* (Document No. 70), dated May 6, 2009. You have since filed a *Motion to Stay Ruling Upon "Plaintiff's Motion for Summary Judgment as to the Consolidate [sic] 2005-11603-NG Portion of This Case" Until Defendant's Return Plaintiff's Motion and Exhibits to Support Said Motion* (Document No. 74), dated May 29, 2009. I do not intend to respond to your Motion for Summary Judgment at this time, for two reasons. First, the Court has set forth a schedule for motions for summary judgment. Second, your current motion does not address any issues in this case. With regard to your allegations that your legal material was improperly confiscated, I will provide a report to the Court, as ordered, by June 11, 2009.
6. *Emergency Motion for Court Order* (Document No. 71), dated May 20, 2009. Note that this motion was terminated by the Court on May 29, 2009, and requires no response.
7. *Emergency Motion for Monetary Sanctions Against Defendant Robert Murphy and Brendan J. Frigault, Esq.* (Document No. 72), dated May 26, 2009. Note that this motion was terminated by the Court on May 29, 2009, and requires no response.

You close your letter of May 29, 2009 with a discussion of settlement, and a proposal of terms. As I stated during the May 28, 2009 hearing, the Defendants' position is that the

discussion of settlement is premature. Settlement discussions will not be appropriate until the discovery is complete and the summary judgment motions are decided.

You sent a second letter on May 29, 2009, which I received on June 1, 2009. In this letter, you indicated that you have contacted an attorney who "may" represent you. Until an attorney files a notice of appearance on your behalf in this case, I will continue to consider you the *pro se* Plaintiff. You also included two new discovery requests with your May 29, 2009 letter, a *Request for Admissions*, dated May 29, 2009, and a *Request for Production of Documents and Things ... Pursuant to Rule 34*, dated May 29 2009. I received these requests on June 1, 2009, and will respond as appropriate within the time required by the rules.

I trust this letter addresses all outstanding issues.

Very truly yours,

Brendan J. Frigault, Counsel
Department of Correction

Enclosures
cc.   Hon. Leo T. Sorokin,
      via CM/ECF filing